The People *ex rel.* Charles E. Barber, Collector,

*v.*

Charlotte E. Chapman *et al.*

*Filed at Ottawa May 16, 1889.*

1. Drainage law—*giving credit for old drains—at what time allowance to be made—remedy of land owner.* Section 22 of the Drainage act authorizes the commissioners, where an old drain has been in whole or in part constructed, and such work can be advantageously utilized, to estimate the value of such old ditch, and allow the owner proper credit for the same, on making an assessment for drainage purposes. But this can not be done after the commissioners have made their assessment and filed the assessment roll with the town clerk.

2. If the commissioners allow a land owner for ditches or drains previously made, and used by them, this must be done when they make the assessment, under section 26 of the act, and the amount they then

allow may be credited on the assessment. If the land owner is not satisfied with the amount allowed him as a credit and deducted from his assessment, he may appeal, under section 27 of the act. It is not competent for the county court, on application for judgment, to allow any credit for prior drains used by the district.

3. SAME—*filing assessment roll—as concluding authority of commissioners.* After the assessment roll has been made and filed with the town clerk, the commissioners will have no power over it, the matter having thereby passed beyond their jurisdiction. If errors exist needing correction, the party aggrieved will have a remedy by appeal.

APPEAL from the County Court of Iroquois county; the Hon. G. G. BOVIE, Judge, presiding.

Messrs. HARRIS & HOOPER, and Mr. R. W. HILSCHER, for the appellant:

The commissioners of highways of each town are made drainage commissioners. Drainage act, 3 Starr & Curtis' Stat. p. 208, sec. 1.

Commissioners of highways may hold special meetings at the call of the president or any two commissioners, and no official business shall be transacted except at a regular or special meeting. Road and Bridge act, 2 Starr & Curtis, p. 2139, sec. 10.

The town clerk is made clerk of the drainage commissioners, and is required to keep a book known as the drainage record, in which he shall enter at length findings and orders of the drainage commissioners pertaining to the subject of drainage. Drainage act, 3 Starr & Curtis, p. 208, sec. 2.

When it shall appear to commissioners that a drain or ditch has been in whole or in part previously constructed, etc., and such work can be advantageously utilized, they may estimate the value of the old ditch, and allow the owner proper credit for the same. 3 Starr & Curtis, p. 214, sec. 22.

The tax list shall show the balance of tax over credits or damages, or credits over tax, showing the amount due the district or land owner, as the case may be. 3 Starr & Curtis, p. 215, sec. 26.

32—128 ILL.

An appeal may be taken within ten days after the list is deposited with the town clerk, only on the ground that the tax is greater than the benefits.   3 Starr & Curtis, p. 215, sec. 27.

The commissioners may use money belonging to the district for the purpose of compromising suits and controversies arising under this act, etc., provided the acts of the commissioners shall be uniform as to the rights of all persons and property. 3 Starr & Curtis, p. 218, sec. 38.

There was no meeting at which the commissioners could legally transact business at Olm's drug-store, because notice to the third commissioner, of the meeting, was necessary, and was not given.   Dillon on Mun. Corp. (1st ed.) secs. 200-202; *School Directors* v. *Jennings,* 10 Bradw. 643.

The statute requires a record of all proceedings of the commissioners relative to drainage, to be made by the clerk.   The meeting at Olm's drug-store was not considered a meeting of the board.    No record was kept, and parol evidence to establish an agreement is not permissible.    *Town of Old Town* v. *Dooley,* 81 Ill. 258.

Messrs. Kay & Euans, for the appellees:

By section 22 of the Drainage act, when a previously constructed drain is taken and used by the commissioners, they may estimate the value of such old ditch, and allow the owner proper credit for the same.   By section 26 the commissioners are required to make out a special assessment roll, setting down in separate columns the owner's name, etc., and the damages allowed, if any, or any other credit to be given to the owner. By section 27 an appeal is given to the county, but the appeal shall be upon the ground, only, that such tax exceeds the benefits to accrue to the land.

If it be admitted that the credit should have been made on the assessment roll, we still contend that the commissioners retain jurisdiction of that roll until the expiration of ten days

from its filing with the town clerk. *Turley* v. *People,* 116 Ill. 433.

What power or jurisdiction has the county court in granting the relief asked by appellees? Upon this question, we think any defense can be made which shows that the assessment, or any part thereof, ought not to be collected. *City of Chicago* v. *Burtice,* 24 Ill. 489; *Pease* v. *City of Chicago,* 21 id. 500; *Creote* v. *City of Chicago,* 56 id. 423.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an application by the county collector of Iroquois county for judgment against lands, to satisfy a special assessment levied by Danforth Drainage District No. 3, in the year 1886. Appellees, who were the owners of lands in the district, appeared in the county court and filed several objections to the application for judgment, and the court, upon the evidence introduced in support of the objections, allowed a rebate of $400 from the amount assessed against appellees' lands, and rendered judgment for the balance. To reverse the judgment of the county court, the collector appealed.

The drainage district in question was organized under the act of 1885, and appellees' lands were classified according to section 21 of the act, and no appeal was taken. The commissioners of the drainage district made an assessment as authorized by section 26 of the act, and no appeal was taken from the assessment. It appears, however, from the evidence introduced on the trial, that before the district was organized, appellees had constructed, on their own lands, certain ditches, which were, in part, at least, used by the drainage district, and after the assessment in question had been made, and after the assessment roll had been filed with the town clerk by the commissioners, appellees, before the time for an appeal from the assessment had expired, made application to the commissioners for a credit on the assessment for the ditches thus

appropriated. Section 22 of the act authorizes the commissioners, where an old drain has been in whole or in part constructed, and such work can be advantageously utilized, to estimate the value of such old ditch and allow the owner proper credit for the same; but nothing was allowed appellees by the commissioners for the ditches they had constructed on their lands. The commissioners of highways, who are, under the act, drainage commissioners in their respective towns, when appellees made application for an allowance on the assessment,—thinking, no doubt, that they ought to have relief in some manner,—agreed to meet at Olm's drug-store, (the office of the town clerk of the town,) for the purpose of adjusting the matter. A meeting was held, two of the commissioners, the town clerk, appellees and some other parties being present. The parties do not, however, agree in regard to what occurred at that meeting, and as no record of the proceedings was kept, the action taken is not entirely free from doubt. The clerk thinks that what was done could not be regarded as a meeting of the commissioners,—that no definite promise was made to do anything for Chapman. But he is not corroborated by the other evidence. From the evidence of the commissioners, of Chapman, and of the civil engineer of the district, it is manifest that the commissioners agreed to allow Chapman $400 on his assessment. But while we think the evidence discloses that the agreement was made, at the same time we are of opinion the commissioners had no authority to make an agreement of that character, and the agreement was void. As heretofore observed, before this meeting was held the commissioners had made the assessment and filed the assessment roll with the town clerk. After an assessment roll had been made and filed with the town clerk, the commissioners had no power or control over it,—the matter had passed beyond their jurisdiction. If errors in the assessment existed which ought to have been corrected, the party aggrieved had a remedy by

appeal, but no power to review the assessment has been conferred on the commissioners, and in the absence of authority in the statute, their action was a nullity, as those officers have no powers except those conferred by the statute.

The position is, however, taken, in the argument, that appellees have a valid claim for the amount expended on the ditches, and when application is made for judgment against their lands to pay an assessment, whatever amount may be due them may be set off against the amount assessed against their lands. We do not concur in this view. The credit appellees may be entitled to receive arose under section 22 of the act, and the amount of the credit must, by the terms of the section, be determined by the commissioners. This may be done when the commissioners make the assessment, under section 26 of the act, and whatever amount they may allow may then be credited on the assessment. If the land owner is not satisfied with the amount allowed him as a credit and deducted from his assessment, he may appeal, under section 27 of the act. In this way the amount the land owner should be allowed on his assessment may be settled and determined. But we do not think it was contemplated by the legislature that the county court, on application for judgment against lands to pay a special assessment ordered by a drainage district, should enter upon the investigation of the amount an owner of an old drain or ditch should receive for the same on his assessment.

We think the court erred in allowing $400 in favor of appellees. The judgment will be reversed and the cause remanded.

*Judgment reversed.*